IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABRAHAM (JUNIOR) CRUZ, ) | |
| ) | Civil Action No. 21 – 723 |
| Plaintiff, ) | |
| ) | |
| v. ) | District Judge Christy Criswell Wiegand |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| ALLEGHENY COUNTY ) | |
| COURTHOUSE, DIRECTOR, ) | |
| JUDGE DAVID RONALD ) | |
| CASHMAN, JUDGE DAVID K. ) | |
| WILLIAMS, III, BALIFF JOHNS, ) | |
| BALIFF JOHNSON, BALIFF ) | |
| WESTON, SHERIFFS and CLERKS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

For the following reasons, it is respectfully recommended that Plaintiff's Amended Complaint (ECF No. 11) be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).

**II.    REPORT**

Plaintiff Abraham Cruz, Jr. ("Plaintiff") is a state prisoner in the custody of the Pennsylvania Department of Corrections and currently confined at SCI-Dallas.  He initiated this action by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1), which was granted on June 24, 2021 (ECF No. 3).  His Complaint was docketed that same day.  (ECF No. 4.)  On June 29, 2021, Plaintiff was ordered to amend his complaint to correct certain identified

1

deficiencies. (ECF No. 7.) His Amended Complaint was filed on July 26, 2021. (ECF No. 11.) Upon review of the Amended Complaint, the undersigned now recommends that it be dismissed with prejudice for failure to state a claim pursuant to the screening provisions of the Prison Litigation Reform Act.

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[1] *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from governmental officers or employees.

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level."

---

[1] Dismissal under § 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

Id. at 555.  The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.  *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983."  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name."  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).  *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.  *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

### B. Discussion

Even after ordering Plaintiff to amend his complaint so that he could set forth his allegations and his claims more clearly and concisely, Plaintiff's Amended Complaint is still incredibly difficult to comprehend, bordering on incoherent. From what the undersigned can make out, Plaintiff states that the date of the events giving rise to his claims began in 1997 and continues to date. Although he has named numerous Defendants, all of his allegations appear to concern just one Defendant – Judge Cashman. He alleges that Judge Cashman has (1) twice tried to castrate him, (2) broken his neck, (3) knocked his teeth out, (4) has confiscated "everything everywhere," (5) followed him everywhere, (6) broken his glasses, (7) broken his foot, (8) broken his leg, (9) broken his arms seventeen times, (10) kept him "incommunicado" since 2007 or 2008, and (11) got three people to hit him with brass knuckles. He states that Judge Cashman has "persecuted, prosecuted and bashed" him for 47 years, and he also states that Judge Cashman has been everywhere he's been "2-3 days before to 2-3 days after" he left. He states that "you", which is presumably the Court, has "been paid and misled with all this calamity, sophamy [sic] and calumnies" that Judge Cashman and cohorts have brought about "thinking he's successful about this Church & State War." (ECF No. 11, p.6.) The rest of Plaintiff's Amended Complaint is largely incoherent ramblings, and it is next to impossible to discern the legal claims Plaintiff is actually making against Judge Cashman and the other named Defendants, as well as the specific relief that he is seeking.

The undersigned finds that Plaintiff's Amended Complaint should be dismissed as frivolous. Relevant here, a complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term "frivolous" as used in §

4

1915(e)(2)[2] includes not only inarguable legal conclusions, but also fanciful factual allegations. Id. As such, courts are afforded authority to dismiss those claims whose factual contentions are "clearly baseless," examples of which include "claims describing fantastic or delusional scenarios . . . ." Id. at 327-28; *see also* Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Within the Third Circuit, district courts have found that allegations which are considered fanciful, fantastic and delusional are to be dismissed as frivolous. *See* Banks v. Dictorate, Science & Technology Center (CIA), No. 13-1712, 2014 WL 1278097 (W.D. Pa. Mar. 27, 2014) (finding frivolous plaintiff's claims that various officials are using Voice to Skull and Remote Neural Monitoring technology to harass him); Barnes v. Mercer County Court House, No. 07-1194, 2007 WL 1652533 (D.N.J. June 5, 2007) (dismissing as frivolous claim that food served to inmates at correctional facility was hazardous to human health); Armstead v. Briggs, No. 03-145, 2004 WL 339647 (D. Del. Feb. 17, 2004) (dismissing as frivolous claim requesting that the court set up an appointment for the plaintiff with President George W. Bush so that she could tell him that she had filed a lawsuit seeking his permanent appointment as the President of the United States); Noble v. Becker, No. 03-906, 2004 WL 96744 (D. Del. Jan 15, 2004) (claims that government officials and others had engaged in a vast conspiracy to violate his constitutional rights were delusional); Williams v. Werster, No. 94-3839, 1994 WL 313111 (E.D. Pa. June 30, 1994) (plaintiff's claim that he had uncovered evidence of a conspiracy by the former mayor to commit sabotage and espionage in order to establish ecclesiastical law and in some way interfere with U.S. commerce were fanciful, fantastic or delusional); Robinson v. Love, 155 F.R.D. 535 (E.D. Pa. June 1, 1994) (where plaintiff alleged that he was subjected to witchcraft and attempts to poison him with cyanide, the allegations were fanciful, fantastic or delusional).

---

[2] Previously § 1915(d), as applied by the Court in Neitzke, *supra*.

As with the above-cited cases, it is clear that Plaintiff's claims that Judge Cashman has been harassing, terrorizing and assaulting him over multiple decades, as outlined above, are subject to dismissal as being frivolous.

Additionally, the undersigned would note that it appears that the statute of limitations would apply to bar some if not all of Plaintiff's claims. While ordinarily an affirmative defense, statute of limitations considerations may be raised in a screening review, as explained by the Third Circuit Court of Appeals in Smith v. Delaware County Court, 260 F. App'x 454 (3d Cir. 2008).

> Civil rights complaints are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 F. App'x 563, 564-65 (3d Cir. 2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, a district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); *see also* Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006) (citation omitted) (finding that a district court's screening authority under § 1915(e) "differentiates *in forma pauperis* suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*.").

260 F. App'x at 455. In Smith, the Third Circuit agreed that the limitations defense was evident from the face of the complaint and thus found that the plaintiff's claims were properly dismissed as untimely.

It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 in district courts within Pennsylvania are subject to the statute of limitations for personal injury actions in Pennsylvania,

6

and the applicable statute of limitations for personal injury actions in Pennsylvania is two years.[3]
See 42 Pa. C.S. § 5524; Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). A cause of action accrues for statute of limitations purposes "when the plaintiff knew or should have known of the injury upon which [his] action is based." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (internal citations omitted). While this two-year limitations period may be extended based upon the continuing violation doctrine,[4] an equitable exception to the timely filing requirement, "the continuing violation doctrine does not apply when a plaintiff 'is aware of the injury at the time it occurred.'" Montanez v. Secretary Pennsylvania Dept. of Corrections, 773 F.3d 472, 481 (3d Cir. 2014) (quoting Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 417 n.6 (3d Cir. 2003)). For example, the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information [to statue a cause of action]. On discovering an injury and its cause, a

---

[3] In "civil rights actions under 42 U.S.C. §§ 1983, 1985, federal courts must ascertain the underlying cause of action under state law and apply the limitation period which the state would apply if the action had been brought in state court" and the "controlling statute of limitations in an action pursuant to 42 U.S.C. § 1983 is the most analogous one provided by state law." Jennings v. Shuman, 567 F.2d 1213, 1216 (3d Cir. 1977) (citing Polite v. Diehl, 507 F.2d 119, 122 (3d Cir. 1974)); Eubanks v. Clarke, 434 F. Supp. 1022, 1030 (E.D. Pa. 1977).

[4] Under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (internal quotation marks omitted). The Third Circuit has stated that

> [i]n order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." West [v. Philadelphia Elec. Co.,] 45 F.3d [744,] 755 [(3d Cir. 1995)] quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter – whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency – whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence – whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. See id. at 755 n.9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir. 1983)). The consideration of "degree of permanence" is the most important of the factors. See Berry, 715 F.2d at 981.

Cowell, 263 F.3d at 292.

claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F.2d 356, 360 (3d Cir. 1986)).

Judged by these standards, it appears that at least some, if not all, of Plaintiff's claims are untimely and barred by the applicable two-year statute of limitations. Plaintiff states that the events giving rise to his claims began in 1997 and continues to date, but he does not provide dates for any of the specific events of which he complains. All of the events also appear to be isolated incidents, *i.e.*, discrete and independently actionable acts that would have triggered Plaintiff's awareness of and duty to assert his rights. While it is not clear which of Plaintiff's claims would be time-barred, any event that occurred more than two years before he initiated this action would be subject to dismissal for failure to state a claim upon which relief may be granted. *See* Simms v. Freeman, 428 F. App'x 119, 120 (3d Cir. 2011) ("If the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim.") (citing Jones v. Bock, 549 U.S. 199, 215 (2007)).

Finally, the undersigned recognizes that the Third Circuit has held that, in civil rights cases, a court must give the plaintiff the opportunity to amend a deficient complaint, regardless of whether the plaintiff requests to do so, when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). However, if the Court determines that Plaintiff's claims are frivolous then it would be futile to allow him to amend. *See* Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

**III.     CONCLUSION**

For the aforementioned reasons, it is respectfully recommended that Plaintiff's Amended Complaint (ECF No. 11) be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated:  September 30, 2021.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc:     Abraham (Junior) Cruz
        NY-2555
        SCI Dallas
        1000 Follies Rd.
        Dallas, PA  18612-0286